# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| OMRI YIGAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV418-010 |
| ) | |
| CHATHAM COUNTY DEPARTMENT ) | |
| OF FAMILY AND CHILDREN ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Omri Yigal asks this Court to reverse the state of Georgia's custody decision to remove his young daughter from his care under the guise of a civil rights complaint. Doc. 1 at 4-5 (alleging that child services "contentiously took the plaintiff's daughter from her caring home, loving father, and her only caretaker all the days of her life," causing him extreme distress and subjecting him to a demanding schedule of psychological evaluations and parenting classes to demonstrate his suitability to regain custody). He asks the Court to "remand[ ] custody" of his daughter, *id*. at 5, and strike the state court's order granting legal custody of his daughter to his sister, *id*. at 35.

Plaintiff's Complaint must be dismissed, as there is no basis for

federal jurisdiction over it.[1] Federal courts simply have no power to consider claims for which they lack subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also* Fed. R. Civ. P. 12(h)(3) (mandating dismissal "[i]f the court determines at any time that it lacks subject-matter jurisdiction"). Subjects of divorce, custody, and alimony are within the *exclusive* jurisdiction of the state courts, and under almost all circumstances the federal courts lack jurisdiction to intervene in these disputes. *See Ankenbrandt v. Richards*, 504 U.S. 689, 695-700 (1992) (explaining "longstanding rule" that "federal courts lack jurisdiction over certain domestic relations matters"); *Barber v. Barber*, 62 U.S. 582 (1858); *In re Burrus*, 136 U.S. 586, 594 (1890). This Court also must abstain from interfering with the functioning of the state courts in issuing and enforcing child custody decrees. *Ankenbrandt*, 504 U.S. at 703-04.

There is a second jurisdictional roadblock to plaintiff's Complaint.

---

[1] In cases where the plaintiff is proceeding *in forma pauperis*, which the Court **GRANTS** here on indigency grounds (doc. 2), it is required to screen each case, and must dismiss it at any time if the Court determines either that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

This Court is not empowered to sit as an appellate court to review the final decisions of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644, n. 3 (2002) ("The *Rooker-Feldman* doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, *see* § 1257(a)."). The only federal court that can review judgments entered by a state court in civil litigation is the Supreme Court of the United States. *See* 28 U.S.C. § 1257. Lower federal courts (in almost all cases) lack subject-matter jurisdiction when the state court's judgment is the source of the plaintiff's alleged injury. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291-92 (2005).

Because plaintiff has not articulated any cognizable federal claim over which this Court may assert jurisdiction, dismissal is recommended. *Bender*, 475 U.S. at 541; *Kokkonen*, 511 U.S. at 377. Though the Court would normally give plaintiff an opportunity to amend his complaint to

correct these deficiencies[2], it is clear that no possible amendment could invoke this Court's jurisdiction over his claims. Because amendment would be futile, his motion for appointment of counsel (doc. 3) is moot and dismissal with prejudice is appropriate. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time

---

[2] *See, e.g., Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, and no undue prejudice could be shown); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (*pro se* litigants must generally be given an opportunity to amend their complaints).

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED** this <u>31st</u> day of January, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA